UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN RAO | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | Civ. Action No. 4:13-cv-0726 |
| TEXAS PARKS AND WILDLIFE | § | |
| DEPARTMENT | § | |
| | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This is an employment discrimination lawsuit, brought pursuant to Title VII of the Civil Rights Act of 1964, in which Plaintiff John Rao alleges that Defendant Texas Parks and Wildlife Department ("TPWD") retaliated against him on several occasions. Defendant has moved for summary judgment. (Doc. No. 19.) For reasons that the Court explained at its April 15 Motion Hearing, Defendant's Motion is **GRANTED** as to all claims but that which arises out of Defendant's 2010 denial of Rao's application to be promoted to Lieutenant Joint Enforcement Agreement ("Lieutenant JEA"). That claim requires more searching review; the Court ordered supplemental briefing on it. After considering the Motion, all responses, replies, supplemental briefs, arguments made at this Court's hearing, and the applicable law, the Court concludes that the Motion should be **DENIED.**

### I.   BACKGROUND

The facts relevant to Plaintiff's remaining claim are these: Plaintiff has been employed in the Law Enforcement Division of the TPWD since 1989. In April 2007, Plaintiff filed a Charge of Discrimination with the EEOC, alleging that Defendant had retaliated against him for assisting a colleague with his own EEOC Charge the year before. (Doc. No. 27-1 at 3; *see also* Doc. No.

20 at 1.)  In March 2010, for the first time since he filed the 2007 Charge, Rao applied for a promotion, seeking the Lieutenant JEA position.  (*Id.* at 4-5.)  Following an interview, a panel of five TPWD employees denied Plaintiff's application.  (*Id.*)

Plaintiff soon thereafter asked Assistant Chief Robert Goodrich, who had been on the panel, why he had not been promoted.  (*Id.* at 6-7.)  Plaintiff has stated that Assistant Chief Goodrich told him "[y]ou didn't do anything wrong, but you filed that Complaint."  (*Id.* at 7.)  One of Plaintiff's colleagues — in fact, the same colleague that Plaintiff had previously assisted with his own EEOC Charge — overhead the conversation between Plaintiff and Goodrich and has offered the same recollection of the Assistant Chief's remark.  (Doc. No. 27-7 at 5.)

In September 2010, Plaintiff filed an EEOC Charge alleging that the March decision to pass him over for a promotion amounted to retaliation.  (Doc. No. 20-3 at 7.)  The Commission issued a Right to Sue letter in December 2012.  (Doc. No. 20-5 at 16.)  This suit followed.

## II.     SUMMARY JUDGMENT STANDARD

A motion for summary judgment requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented.  Fed. R. Civ. P. 56(a).  "Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Kee v. City of Rowlett, Tex.*, 247 F.3d 206, 210 (5th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  "A fact is material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law."  *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation marks and citation omitted).

"Facts and inferences reasonably drawn from those facts should be taken in the light most favorable to the non-moving party." *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 188 (5th Cir. 2007); *see also Tolan v. Cotton*, — U.S. —, — S. Ct. —, No. 13-551, 2014 WL 1757856, at *4 (May 5, 2014). The Court may not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* at 151 (quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 300 (2d ed. 1995)). Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. Fed. R. Civ. P. 56(e)(1); *see, e.g.*, *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (noting that a nonmovant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'" (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))).

**III.   ANALYSIS**

"Title VII prohibits an employer from taking an adverse employment action against an employee because she has filed an employment discrimination charge." *Hague v. Univ. of Texas Health Sci. Ctr. at San Antonio*, No. 13-50102, 2014 WL 1257944, at *3 (5th Cir. Mar. 28, 2014) (unpublished) (citing 42 U.S.C. § 2000e–3(a); *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 62 (2006)). A Title VII violation can be proven using direct or indirect evidence; here, where Plaintiff relies on Goodrich's statement, Plaintiff seeks to use direct evidence.

"Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact (i.e., unlawful discrimination) without any inferences or presumptions." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 958 (5th Cir. 1993); *see also Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, No. 13-30020, 2013 WL 5997945, at *3 (5th Cir. Nov. 13, 2013) (unpublished) (same). "Unlike a case in which the plaintiff has presented only circumstantial evidence of retaliatory animus, [the court does] not apply the *McDonnell Douglas* burden-shifting framework to determine whether [plaintiff's] direct evidence presents a factual issue for a jury." *Fierros v. Texas Dep't of Health*, 274 F.3d 187, 195 (5th Cir. 2001), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 92 (2003). "[T]estimony of an employer's statements evincing retaliatory animus are regarded as direct evidence because no further inference to determine retaliatory intent is required." *Martin v. J.A.M. Distrib. Co.*, 674 F. Supp. 2d 822, 845 (E.D. Tex. 2009). But, where plaintiff purports to rely on "direct evidence," if "an additional inference is required" for that evidence "to support her retaliation claims," the court must instead resort to *McDonnell Douglas. Ogletree v. Glen Rose Indep. Sch. Dist.*, 443 F. App'x 913, 917 (5th Cir. 2011)

The Court finds that Goodrich's unambiguous statement that Plaintiff "didn't do anything wrong, but [he] filed that Complaint," recalled by both Plaintiff and a co-worker, amounts to direct evidence of retaliation sufficient to defeat summary judgment. Had Goodrich said something more along the lines of, "I did not vote to promote you because you filed that Complaint," further analysis of whether Goodrich's retaliatory animus infected the rest of the five-member committee would be warranted.[1] But, because the statement was phrased as an omniscient recollection of what took place, it is enough to create a fact issue as to whether

---

[1] Consequently, Defendant's exhaustive, nation-wide summary of how courts have treated animus exhibited by one member of a decision-making body is irrelevant. (*See* Doc. No. 37 at 3-5.) Likewise, the Court need not, contrary to Defendant's urging, employ a "cat's paw" analysis. (*See id.* at 7-8.)

retaliatory animus was the but-for cause of Rao's termination.[2] *Cf. Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in § 2000e–2(m)."). The Court also disagrees with Defendant that Goodrich's remark cannot constitute direct evidence because a fact-finder would have to infer what Goodrich meant by "that complaint." Defendant does not suggest what else Goodrich could have meant, and so it seems perfectly clear that "complaint" referred to Rao's EEOC complaint. To require direct evidence always to refer explicitly to "a Charge of Discrimination filed with the Equal Employment Opportunity Commission" would unnecessarily limit the (already scarce) opportunities to rely on direct evidence.

A comparison to *Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 547 F. App'x 484, 488-89 (5th Cir. 2013) is instructive. There, the Court refused to treat as direct evidence testimony indicating that plaintiff's employers were angry that he had filed an EEOC charge, as one would still need to infer that the employers' anger motivated them to take the adverse employment action. *Id.* at 489. No such inference is required here. To be sure, Defendant has presented evidence that *at least* two other members of the committee had no knowledge of Plaintiff's complaint and did not believe it to have been a factor in the committee's decision making (*see* Doc. No. 22 at 8; Doc. No. 22-2 at 2), but it is axiomatic that competing evidence does not defeat summary judgment. *See, e.g.*, *Johnson v. Maestri-Murrell Prop. Mgmt., LLC*, 487 F. App'x 134, 137 (5th Cir. 2012) ("To withstand a motion for summary judgment, Johnson

---

[2] The Court resists Plaintiff's call to analyze the Assistant Chief's statement using the so-called stray remarks doctrine. (*See* Doc. No. 38 at 3.) That doctrine, articulated in *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir. 1996), is designed to aid in the *McDonnell Douglas* burden-shifting scheme, not to help analyze whether direct evidence defeats summary judgment. *See Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 225 (5th Cir. 2000) ("The four-part test of *Brown* . . . was originally devised in order to address a situation in which one of the elements of the plaintiff's prima facie case is missing and the plaintiff attempts to remedy the deficiency by adducing evidence of discrimination in the form of remarks evidencing animus or bias.").

need not carry the burden of persuasion but simply adduce sufficient evidence, viewed in the light most favorable to her, to allow the jury to find in her favor.").

IV.   **CONCLUSION**

Use of the *McDonnell Douglas* burden-shifting scheme has become so ubiquitous in Title VII litigation that it seems to have become surprisingly uncomfortable for courts and parties alike to analyze *direct evidence* of discrimination. Nevertheless, that is what the Court is called on to do here. Plaintiff was told in no uncertain terms that he was not promoted because he filed a complaint with the EEOC. That has to be enough to send this case to a trial. There, Defendant will have ample opportunity to dispute the veracity of Goodrich's statement, to put it in context, or to argue that it was never uttered at all. That endeavor is not for now, however. The Motion for Summary Judgment (Doc. No. 19) is **DENIED** as to this particular claim. A jury trial is set to begin on June 9, 2014 at 9 a.m.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this eighth day of May, 2014.

**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**